**THOMPSON v. TAYLOR.**

Civil Action No. 234.

District Court, S. D. Florida,
Orlando Division.

April 19, 1945.

W. A. Pattishall, of Orlando, Fla., for plaintiff.

Claude L. Gray, of Orlando, Fla., for defendant.

DE VANE, District Judge.

This suit arises out of the Emergency Price Control Act of 1942 and the Stabilization Extension Act of 1944, 50 U.S.C.A. Appendix § 901 et seq. and § 963 et seq. Plaintiff seeks to recover damages from the defendant authorized by said Acts for alleged overcharges in rent.

Plaintiff alleges in his complaint that in May, 1942, he rented from the defendant a furnished dwelling house in Orlando, Orange County, Florida, at a monthly rental of $25.05 per month, payable to the First Federal Savings and Loan Association of Orlando, Florida for the account of the defendant. The premises described are lo-

cated within the Orlando Defense Rental Area in which Federal Rent Control became effective on November 1, 1942. Plaintiff alleges that effective as of December 1, 1943, defendant increased the monthly rental on the housing accommodations from $25.05 per month to $32.50 per month, and that plaintiff thereafter paid to the defendant, the increase each month through June, 1944 which resulted in an overcharge above the ceiling price of $7.45 each month for seven months, and plaintiff seeks to recover the sum of $50 for each monthly overcharge, or a total of $350, plus reasonable attorney's fees and costs, as provided by Section 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix § 925(e).

Plaintiff further alleges that effective July 1, 1944, defendant further increased the rental on said housing accommodations from $32.50 to $37.50 per month and at the time of making this latter increase in rent required plaintiff to purchase the necessary painting material to paint the house and to have same painted. Plaintiff alleges that under this latter agreement he was to continue to pay, in cash, to the First Federal Savings and Loan Association of Orlando, Florida, for the account of the defendant, the sum of $25.05, and that the balance of $12.45 due monthly on account of the rent, would be used by the plaintiff, first to reimburse him for expenditures made for painting materials and cost of having the house painted, and after full reimbursement plaintiff was to pay the increased rental of $12.45 to the defendant. Plaintiff alleges that he spent $19.11 for painting materials and that he and friends painted the house, which labor was reasonably worth $75. Plaintiff alleges that between July 1, and November 9, 1944, the overcharge which he was required to pay the defendant, above the ceiling price, amounted to $86.41 and plaintiff seeks to recover three times this overcharge as authorized by the Stabilization Act of 1944, together with reasonable attorney's fees and costs.

Plaintiff further alleges that shortly after completing the work of painting the house defendant served notice upon him to vacate the premises and upon his failure to do so instituted proceedings in the County Judge's Court for Orange County, Florida and forceably and illegally divested him of the further use and possession of the property and plaintiff seeks in his complaint to recover damages for said alleged unlawful dispossession of said premises.

In his answer defendant denies that the original rental was $25.05, per month, as claimed by the plaintiff, but was $32.50 per month; that when said premises were rented to the plaintiff they were furnished with the exception of one room and that upon the urgent request of the plaintiff defendant subsequently purchased furniture for the additional room for which plaintiff agreed to pay $5 per month for the use of this extra furniture. Defendant also claimed in his answer that plaintiff assumed all maintenance and repairs on the building as further consideration for the use and occupancy of the premises and that the painting was done by the plaintiff on his own initiative and in compliance with his agreement with the defendant.

At the trial of the case the testimony of the respective parties was in substantial support of the statements contained in the complaint and answer. The Court, therefore, finds it necessary to resort to other evidence to determine the true facts in this case.

Defendant had occupied the premises as a home prior to May, 1942, when it was leased to the plaintiff. Defendant testified that he had accepted a position away from Orlando and was more interested in securing a tenant who would take care of the property during his absence than in the amount of rent received therefor. Defendant further testified that he declined to execute a lease for any definite period for the reason he desired to be in a position to reoccupy the premises in case he found his health, which was not too good at the time, would not permit him to pursue his new employment and it should become necessary for him to return to Orlando.

Orlando, Florida did not become a defense rent control area until November 1, 1942, which was several months after the premises were rented by the defendant to the plaintiff and defendant did not register said premises with the Office of Price Administration until October 9, 1944, and then only because required to do so by the Office of Price Administration. The registration statement filed at that time with the Office of Price Administration stated the maximum rental to be $25.05 per month and that all equipment and furnishings indicated as being on the premises were included in the rent paid for the premises. The registration statement further shows that all services to the premises, including fuel, water, light, interior and exterior repairs, painting and decorating were to be borne by the

tenant. Plaintiff testified that he received a copy of this registration statement and made no complaint to the Office of Price Administration as to the information shown thereon.

■ There is considerable other testimony in the record to sustain the claim of the plaintiff that the original rent agreed upon was $25.05, but in face of the fact that the defendant registered the property with the Office of Price Administration at that amount of rental, when required to do so, makes it unnecessary for the Court to set out this testimony. It is the opinion of the Court, and the preponderance of the evidence supports this opinion, that in the registration statement filed with the Office of Price Administration, by the defendant, the defendant disclosed the true facts with reference to the rental agreement between the plaintiff and the defendant when the premises were originally rented.

■ At the trial defendant pleaded ignorance as to his legal right at the time he filed the registration statement with the Office of Price Administration and counsel for the defendant contends that the defendant is not bound by the registration statement. While technically the position of counsel as to the legal effect of the registration statement is correct, factually the record shows that the defendant had not taken any steps up to the day of the trial to have the Office of Price Administration determine and fix a reasonable rental for the premises involved in this case. It is not the duty nor does the Court have the power to make such determination and upon the record in this case the Court is without authority to do anything other than enforce the ceiling price, whatever that may be.

■ The Court finds the ceiling rental price was $25.05 per month and that the defendant made an overcharge against the plaintiff, above the ceiling price of $7.45 each month for seven months and that plaintiff is entitled to recover the $50 penalty imposed by the Emergency Price Control Act of 1942 for each such overcharge, totalling $350.00, plus reasonable attorney's fees and costs, as provided by Section 205 (e) of said Act.

Plaintiff seeks to recover three times an alleged overcharge of $86.41 alleged to have been paid by the plaintiff from July 1, to November 9, 1944. This alleged overcharge represents what plaintiff claims to be the worth of the improvements placed by him upon the premises, less a small cred-

it for unpaid rental for the time in November, 1944, that plaintiff occupied the premises.

■ As pointed out above, in the registration statement filed with the Office of Price Administration, defendant indicates that the expenses of all improvements made to the premises while occupied by plaintiff were to be borne by the tenant and plaintiff admitted the receipt of a copy of this registration statement. Since plaintiff filed no protest with the Office of Price Administration as to any of the information shown on the registration statement the Court holds that he is now estopped to recover this alleged overcharge.

■ The Court, at a Pre-trial Conference in this case, held that plaintiff's claim for $600 damages for being allegedly, illegally ejected from the premises had no place in a suit brought under the Emergency Price Control Act of 1942, and now reaffirms this ruling.

Plaintiff was served on October 10, 1944, with notice, under a Florida Statute, to vacate the premises on October 30, 1944, but failed to vacate same until forceably evicted by the Sheriff of Orange County, Florida, on November 9, 1944. Defendant incurred costs amounting to $27.65 in the proceedings brought against the plaintiff to evict him from the premises and has recovered judgment against the plaintiff for this amount and sets this up as a counterclaim in this proceeding. Defendant also claims an additional month's rent is due by the plaintiff because of his failure to vacate said premises on or before November 1, 1944, and filed a counterclaim for double rental for his failure to vacate said premises, under a Florida Statute, imposing such penalty.

■ The counterclaim amounting to $27.65 representing Court costs sustained by defendant in evicting plaintiff from the premises will be allowed to be set off against the amount found by the Court to be due the plaintiff by the defendant for the overcharge in rent above the ceiling price.

■ The Court holds that under the Price Control Act as amended in 1944 the penalty is not applicable, but that defendant is entitled to the set-off of $25.05 against the amounts due plaintiff by him, because of plaintiff's failure to vacate said premises in accordance with the legal notice served upon him to do so.

By agreement the parties left to the Court the matter of reasonable attorney's fees for plaintiff's attorney. The Court fixes the same at $100.

Judgment will be entered for the plaintiff in the sum of $297.30, plus $100 as reasonable attorney's fees, together with cost of this proceeding.

Findings of fact and conclusions of law will be prepared and filed in accordance with this Memorandum Opinion.