**THOMPSON v. TAYLOR.**

Civil Action No. 234.

District Court, S. D. Florida, Orlando Division.

Sept. 24, 1945.

W. A. Pattishall, of Orlando, Fla., for plaintiff.

Claude L. Gray, of Orlando, Fla., for defendant.

De VANE, District Judge.

As pointed out in the Memorandum Opinion heretofore filed in this case, 60 F.Supp. 395, this suit arises out of the Emergency Price Control Act of 1942 and the Stabilization Extension Act of 1944, 50 U.S.C.A.Appendix, § 901 et seq. and § 963 et seq. The Court decided for the plaintiff on that part of the case arising out of the Emergency Price Control Act of 1942 and for the defendant on that part of the case brought under the Stabilization Extension Act of 1944. At the time the case was heard defendant made no contention that the Stabilization Extension Act of 1944 constituted the sole basis for recovery. In the motion for a judgment notwithstanding verdict of the Court or for a new trial defendant now raises this point and vigorously contends that the Stabilization Extension Act of 1944 determines the amount of defendant's liability notwithstanding the fact that the acts complained of, for which recovery is allowed, all occurred before the effective date of the Stabilization Extension Act of 1944 and the cause of action had already accrued when the Stabilization Extension Act became effective. Defendant relies chiefly upon the fact that plaintiff did not file suit until after the Stabilization Extension Act of 1944 became effective and therefore his right to recover is limited by the provisions of this Act.

The Stabilization Extension Act of 1944 amended the Emergency Price Control Act of 1942 in certain respects, among them being the amendment as to the amount of liability incurred by a landlord for overcharges in rent to his tenant. 50 U.S.C.A.Appendix, § 925(e). The Court holds that the amount of such liability fixed by the Stabilization Extension Act of 1944 is applicable only to violations of the Act occurring on or subsequent to the effective date and that for violations which occurred prior to its effective date the provisions of the Emergency Price Control Act of 1942 are controlling. The mere fact that plaintiff had not instituted an action to recover such liability prior to the effective date of the Stabilization Extension Act of 1944 does not effect his right to recover the penalties authorized under the Emergency Price Control Act of 1942. The motion of defendant for a judgment notwithstanding verdict or for a new trial, on the several grounds raising this question, is denied.

Ground No. 7 of the motion deals with the question whether or not plaintiff could recover for an alleged overpayment which occurred more than twelve months prior to the filing of this action. Plaintiff sought to recover for seven monthly overcharges, beginning December 1, 1943, and running through June 1, 1944. The action was not filed until December 15, 1944, but at the trial of the case the parties entirely overlooked the fact that the first payment, which occurred more than twelve months prior to the date on which the action was filed, was barred by the Statute. And while no plea of bar on account of the running of the Statute, against the first month's payment, was filed by the defendant, it is the opinion of the Court that its jurisdiction to award damages under the Emergency Price Control Act of 1942 is limited by this Act, to violations committed within twelve months of the date action is instituted thereon. The judgment heretofore entered for the plaintiff in this case on May 11, 1945, in the sum of $297.30, therefore, will be set aside and a new judgment entered in the sum of $247.30, together with the further sum of $100 allowed as attorney's fees, plus the costs taxed in this case.