## PORTER v. STONE.
### Civ. No. 5420

District Court, N. D. Ohio, W. D.

July 24, 1946.

Walter J. Heddesheimer and Paul Marshall, both of Cleveland, Ohio, for plaintiff.

Etheleen M. Stevens and David Stott, both of Detroit, Mich., for defendant.

KLOEB, District Judge.

This is a suit by the Administrator of the Office of Price Administration charging defendant with violations of the Emergency Price Control Act of 1942, as amend-

ed, 50 U.S.C.A. Appendix, § 901 et seq., and the Rent Regulation for housing issued under the authority of the Act.

On August 1, 1944 defendant, for the first time, rented his house in Mooresville, Indiana, but failed to file a registration statement with the Office of Price Administration as required by the Rent Regulation, 10 F.R. 3436. The house was rented up to and including April, 1945 for $75 per month. After some correspondence between the parties the Office of Price Administration issued an order on OPA Form D 38 which provided in part " * * * it is ordered that the maximum rent for the above-described accommodations be, and it hereby is, changed from $75.00 per month to $45.00 per month * * * effective beginning from the date of such first renting * * *". On the bottom of the form was a rubber-stamp printed notice providing "The landlord shall refund to the tenant any rent received on or after the effective date of this order in excess of the maximum rent established herein (45.00 per month) within 30 days after date of this order." No refund having been made by the defendant complaint was filed on February 1, 1946 praying for damages of $810, treble the amount of the alleged overcharges for the nine months during which defendant rented the house.

■ The defendant claims that he did not rent his house and that the money he received from Mr. Locke (the occupant) was "the rent for premises at 2506 Scottwood Avenue, Toledo, Ohio—premises occupied by the defendant herein, under an agreement whereby Mr. Locke was to pay whatever rent was necessary for a residence for the defendant in the city of Toledo, Ohio, in exchange for immediate occupancy of the Charles Stone home at Mooresville, Indiana * * *". Defendant offered a written contract to prove the truth of this allegation.

As indicated at the trial such an arrangement appears to the Court to be merely a not too subtle subterfuge, and defendant must be held to have rented his property to Mr. Locke.

A more troublesome question is presented by the defense of the statute of limitations.

Section 4(e) of the Rent Regulation for Housing as amended provides in part:

"(e) * * * Within 30 days after so renting the landlord shall register the accommodations as provided in Section 7. The Administrator may order a decrease in the maximum rent as provided in Section 5(c).

"If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943), the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under Section 5(c) (1). Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order."

■ Under the circumstances, therefore, there could be no violation of " * * * a regulation, order, or price schedule prescribing a maximum price or maximum prices * * *" 50 U.S.C.A.Appendix, § 925(e), since no such regulation or order had been prescribed. And as plaintiff contends, after the Maximum Price Order here was prescribed under Sections 5(c) (1) and 5(d) of the Rent Regulation for Housing, Section 4(e) of the same regulation, in effect, provides that the order prescribing the maximum price shall not be deemed violated prior to the expiration of the 30 day period after the date of the order. The Court agrees with plaintiff, therefore, that the violation of the order did not occur until July 30, 1945.

■ It does not follow, however, as plaintiff seems to contend, that the " * * * overcharge, or the overcharges, upon which the action is based * * *" 50 U.S.C.A. Appendix, § 925(e), occurred, therefore, on July 30, 1945. The defendant did not on July 30, 1945 make an overcharge of $270. 50 U.S.C.A.Appendix, § 925(e) defines overcharge as "the amount by which the consideration exceeds the applicable maximum price * * *". The applicable maximum price as prescribed by the order of June 29, 1945 was $45 per month.

The true situation, therefore, was that on June 29, 1945 the Office of Price Administration determined that the rent should have been $45 per month, thus determining that there had been an overcharge of $30 for each month. It is well settled that this Court has no jurisdiction to consider the validity of such an order.

 It is upon overcharges of $30 per month that the action is based, not on a single overcharge of $270. Plaintiff is here seeking to recover damages under 50 U.S.C.A.Appendix, § 925(e). That section "* * * establishes the sole means * * * whereby the Administrator on behalf of the United States may seek damages in the nature of penalty". Porter v. Warner Holding Co., 66 S.Ct. 1086, 1091. The evident plan of that section is to give a right to damages for each overcharge. Gilbert v. Thierry, D.C., 58 F.Supp. 235 and authorities cited therein. The trouble with plaintiff's position is that it confuses the obligation of the landlord to refund, or make restitution, with the obligation to respond in damages. The former obligation exists only by virtue of Section 4(e) of the Rent Regulation for Housing. 50 U.S.C.A.Appendix, § 925(e) imposes no obligation to refund or make restitution but only to respond in damages under certain conditions. It may well be that by virtue of the holding of the Supreme Court in Porter v. Warner Holding Co., supra, plaintiff could enforce such a refund order by appropriate action under Section 925(a). This action, however, is based on Section 925(e) and "The time limitation expressed in 205(e) [50 U.S.C.A.Appendix, § 925(e)] operates as a limitation of the liability itself as created * * *". Bowles v. American Distilling Co., D.C., 62 F.Supp. 20, 22. For this reason the Court has jurisdiction to award damages under Section 925(e) only as to overcharges occurring one year prior to the filing of the action. Bowles v. Gulf Refining Co., D.C., 61 F.Supp. 149; Bowles v. American Distilling Co., supra; Thompson v. Taylor, D.C., 62 F.Supp. 930. Plaintiff is entitled to recover, therefore, only for the three months of February, March and April of 1945.

The Court finds that there was no wilful violation and no failure to take practicable precautions on the part of the defendant. Judgment will accordingly be entered against the defendant in the sum of $90.

Plaintiff may have ten days in which to file Findings of Fact and Conclusions of Law in accordance with this opinion and the defendant may have ten days thereafter in which to file corrections or suggested additions thereto.