## PORTER v. BUTTS et al.

Civ. No. 590.

District Court, S. D. Ohio, W. D.
Aug. 14, 1946.

Thos. L. Conlan, District Enforcement Atty., Thos. M. Logan, Chief Rent & Durable Goods Enforcement Atty., and Albert G. Giles, Chief Atty., Rent Enforcement Unit, all of Cincinnati, Ohio, for plaintiff-administrator.

Nichols, Wood, Marx & Ginter, of Cincinnati, Ohio (Timothy S. Hogan, of Cincinnati, Ohio, of counsel), for defendant Mrs. C. H. Butts.

Murr & Murr, of Dayton, Ohio, for defendant O. M. Shipley.

NEVIN, District Judge.

The complaint in this case was filed by plaintiff-administrator on February 23, 1946. In it, defendants are charged with having violated the Emergency Price Control Act and the Rent Regulations for Housing, effective in the Dayton Defense Rental Area. The action is brought on behalf of the United States under Sections 2, 4, 205(c) and 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, §§ 902, 904, 925(c) and 925(e).

During all of the times mentioned in the complaint, defendants were the landlord and agent respectively of housing accommodations situated at 224 Lorenz Avenue, Dayton, Ohio, and during all of this period there had been and there now is in full force and effect, the Rent Regulation for Housing (8 F.R. 14663) as amended, which prescribes maximum rents for the use or occupancy of housing accommodations in the Dayton Defense Rental Area.

The complaint alleges that on or about the 28th day of February, 1944, defendants rented the abovementioned housing accommodations for the first time since the "Regulation" above referred to became effective on July 1, 1942, in the Dayton Defense Rental Area; that defendants failed to file a registration statement covering this rental within 30 days as required by the Regulation; that the rent charged for the housing accommodations was $125 per month; that

this rent was collected for a period of six months; that the Rent Director, by his order of January 30, 1945, decreased the maximum rent to $65 per month and that this order was retroactive to the date of defendants' first renting the accommodations on February 28, 1944.

It is further alleged in the complaint that a copy of the order decreasing the maximum rent was mailed to the defendants on or about the 30th day of January, 1945; that defendants have at all times failed or refused to refund to the tenant the sum of $270 collected from the tenant in excess of the legal maximum rent prescribed by the order of the Rent Director; that more than thirty days had elapsed (at the date of the filing of the complaint on February 23, 1946) since the occurrence of the violation and that the tenant has failed to institute an action under Section 205(e) of the Emergency Price Control Act.

It is recited in the complaint that three times the amount by which the rent demanded and received by the defendants for the housing accommodations herein referred to exceeded the applicable maximum rent established by the Regulation equals $810.

The Administrator prays, therefore, for judgment on behalf of the United States of America in the sum of $810 and the costs of this action.

On April 10, 1946, defendant, Mrs. C. H. Butts, through her counsel, filed a motion to dismiss the bill of complaint herein "for the reason that said bill of complaint fails to state a cause of action against said defendant in that said bill of complaint affirmatively shows that the action was not filed within a year from the time of the alleged violations."

The cause is now before the court on this motion to dismiss. It was proper to file such a motion. Reeves Steel Const. Co. v. Weiss, 6 Cir., 119 F.2d 472, 476.

By her motion defendant in effect seeks to apply the Statute of Limitations. Section 205(e), 50 U.S.C.A.Appendix, § 925(e), of the Emergency Price Control Act provides in substance that action by the Administrator to recover triple damages for receiving increased rents shall be brought within one

year from the date of the occurrence of the violation.

Defendant claims that in the instant case the violations occurred in February, March and April, 1944.

■ Plaintiff-Administrator on the other hand contends that the defendant's violation is the failure to refund to the tenant the excessive rent charged for the months above mentioned, within thirty days after the order was issued by the Rent Director and that the statute starts to run from the date of such violation, which is, the thirty-first day subsequent to the issuing date of the order. In the view of the Court plaintiff is right in his contention.

The Administrator relies in part upon the following provisions of the Rent Regulation: "4(e) First rent after effective date: For (1) newly constructed housing accommodations without priority rating first rented on or after the effective date of regulation, or (2) housing accommodations changed on or after such effective date so as to result in an increase or decrease of the number of 'dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date the first rent for such accommodations after the change or the effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting the landlord shall register the accommodations as provided in Section 7. The Administrator may order a decrease in the maximum rent as provided in Section 5(c). If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943) the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under Section 5(c) (1). Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order. * * *"

The right of the Administrator to file suit for any overcharge must wait upon action of the landlord who first is allowed thirty days to refund the excess to the tenant after the order issued by the Director.

The excess of consideration over the applicable maximum rent forms the foundation or basis of the suit. If the landlord had refunded the excess to the tenant within the thirty day period allowed him so to do, there would have existed no excess of consideration over the applicable maximum rent, and therefore, no basis or foundation for this action.

By his failure to refund at the moment the thirty day period has elapsed an "overcharge" is created, and it is then and only then that the triple damage right of the Administrator under Section 205(e) of the Emergency Price Control Act comes into existence, subject to the exclusive right of the tenant to institute a triple damage action during the first thirty days.

The order of the Director was issued on January 30, 1945; hence, the right to the triple damage action herein arose for the first time on the thirty-first day after the order was issued, namely, March 2, 1945.

■ The complaint in this action was filed, as heretofore stated, on February 23, 1946. Since it is admitted for the purposes of the present motion that the violation alleged in the complaint did occur, it is obvious that the suit was brought within "one year from the date of the occurrence of the violation."

The Court is of opinion and so finds that the motion filed on behalf of defendantt herein, Mrs. C. H. Butts, to dismiss the bill of complaint for the reason that it fails to state a cause of action because "the action was not filed within a year from the time of the alleged violations" is not well taken, and that it should be and it is, overruled.

Counsel may prepare and submit an order accordingly.