558

PORTER, Price Administrator, v. KAIBEL.
Civil Action No. 2089.

District Court, D. Minnesota,
Fourth Division.

Nov. 14, 1946.

————◆————

Alex Dim, of St. Paul, Minn., for plaintiff.

John Ott, of Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

This is a suit for treble damages instituted June 27, 1946, under Section 205 (e) of the Emergency Price Control Act, 50 U. S.C.A. Appendix, § 925(e). This section requires that the action be brought "within one year from the date of the occurence of the violation." The question propounded by defendant's motion is: When did the violation occur? It appears from the complaint that on or about October 19, 1944, the defendant for the first time since the rent regulations became effective, rented the premises for $21.25 per week and demanded and received that rent from the tenant from October 19, 1944, until May 1, 1945. The defendant failed to file a registration statement within 30 days from the date of the first rental as required by §§ 4(e) and 7 of the regulations. It is to be gathered from the briefs that on or about July 25, 1945, the Rent Director of the Minneapolis and St. Paul Defense Rental Area, in which area the premises are located, pursuant to due notice, issued an order effective as of December 1, 1944, decreasing the maximum rent on said premises from $21.25 per week to $13.25 per week for four or fewer occupants, or $14.25 per week for occupants in excess of four. Later, on October 4, 1945, after due notice, the Rent Director modified his order of July 25, 1945, by changing the retroactivity to October 19, 1944, rather than December 1, 1944. Due notice of the amended retroactive order decreasing the rent was mailed to the defendant on or about October 14, 1945. The excess rent over the legal maximum collected by the defendants amounts to $189, and the complaint alleges that no suit has been instituted by the tenant "within 30 days of the occurrence of the violation."

It is plaintiff's position that the violation occurred thirty days after the issuance of the retroactive order, the time allowed the landlord under § 4(e) of the regulations to make refund to the tenant. It does not appear from the complaint whether defendant has ever filed a rent regulation statement as required by law, but there is a statement in the briefs which is not denied that the registration statement was first filed April 30, 1945, and that within three months thereafter, proceedings were commenced to reduce the rent in accordance with § 4(e). Section

7(a) of the Rent Regulation for Housing provides in part:

"Registration Statement. On or before the date specified in Schedule A. of this regulation, or within 30 days after the property is first rented, whichever date is the later, every landlord of housing accommodations rented or offered for rent, shall file in triplicate a written statement on the form provided therefor to be known as a registration statement. The statement shall identify each dwelling unit and specify the maximum rent provided by this regulation for such dwelling unit and shall contain such other information as the Administrator shall require."

Section 4(e) of the Rent Regulation for Housing provides as follows:

"First rent after effective date. For (1) newly constructed housing accommodations without priority rating first rented on or after the effective date of regulation, or (2) housing accommodations changed on or after such effective date so as to result in an increase of the number of dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date, the first rent for such accommodations after the change or the effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting the landlord shall register the accommodations as provided in Section 7. The Administrator may order a decrease in the maximum rent as provided in Section 5(c).

"If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943), the rent received for any rental period commencing on or after the date of the first renting or October 1st, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c)(1). Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order. If the Administrator finds that the landlord was not at fault in failing to file a proper registration statement within the time specified, the order under section 5(c)(1) may relieve the landlord of the duty to refund. Where a proper registration statement was filed before March 1, 1945, the landlord shall have the duty to refund only if the order under section 5(c)(1) is issued in a proceeding commenced by the Administrator before September 1, 1945. Where a proper registration statement is filed on or after March 1, 1945, the landlord shall have the duty to refund only if the order under section 5(c)(1) is issued in a proceeding commenced by the Administrator within three months after the date of filing of such registration statement. The foregoing provisions and any refund thereunder do not affect any civil or criminal liability provided by the Act for failure to file the registration statement required by Section 7."

■ Applying the above section to the facts as they appear in the complaint and the briefs, it must be concluded that the rent collected by the defendant between October 19, 1944, and May 1, 1945, was subject to refund to the tenant if a lower amount of rent for the premises was later fixed under Section 5(c)(1). At the time the rent was demanded and received, the collection thereof by the defendant was not in violation of law. Whether the rent was in excess of the legal maximum depended on the action of the rental authorities. The filing of a proper registration statement and the subsequent acts, or failure to act, on the part of the rental authorities, might entirely relieve the defendant of any duty to refund. Under Section 4(e), proceedings had to be commenced by the Administrator within three months after filing of the registration statement on April 30, 1945. This was done on July 25, 1945. Therefore, the Administrator under the present showing could assert no claim against the defendant for excess rent until 30 days after the issuance of the order of July 25, 1945. Then, upon failure to refund to the tenant, for the first time any right of action against the defendant accrued to the Administrator. If the landlord had refunded the excess to the tenant,

560

the plaintiff would have no foundation for this suit. It seems clear, therefore, that the right of the Administrator to collect an overcharge from this defendant did not come into being until August 24, 1945, which was 30 days after the issuance of the original order decreasing the rent. This suit was instituted on June 27, 1946, less than a year after the cause of action arose in favor of the Administrator, by reason of the order of July 25, 1945, as well as the amended order of October 4, 1945. In that the violation contemplated by Sec. 205(e) under the circumstances herein first occurred when the defendant failed to make a refund to the tenant as required by the regulations, it follows that this action being instituted on June 27, 1946, it was within the one-year limitation of the statute. The views stated herein find support in Porter v. Butts, D.C.S.D. Ohio W.D., 68 F.Supp. 516.

The motion of the defendant, therefore, is denied. An exception is allowed.