**PORTER, Adm'r, OPA, v. SANDBERG.**

**No. 222.**

District Court, W. D. Arkansas, Texarkana Division.

Nov. 26, 1946.

Milton G. Mell, Dist. Enforcement Atty., and William J. Rochelle, Jr., Rent Enforcement Atty., OPA, both of Dallas, Tex., for plaintiff.

Shaver, Stewart & Jones, Ned A. Stewart and Paul Jones, all of Texarkana, Ark., for defendant.

LEMLEY, District Judge.

This is an action for treble damages brought by the Administrator of the Office of Price Administration under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix, § 925(e), the pertinent parts of which section are as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the

person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation * * * bring an action against the seller on account of the overcharge * * *. For the purpose of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity * * * and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. * * * If * * * the buyer * * * fails to institute an action under this sub-section within thirty days from the date of the occurrence of the violation, * * * the Administrator may institute such action on behalf of the United States within such one-year period."

The cause comes on for hearing on motion of the plaintiff for summary judgment.

The relevant facts are that on June 1st, 1944, the defendant, William Sandberg, was the owner of a newly constructed housing accommodation, consisting of an apartment house, in the city of Texarkana, Arkansas, and within the Texarkana Defense Rental Area, no part of which had previously been rented. On said date he rented the lower south apartment thereof at $65.00 per month, and, on July 1st, 1944, the lower north apartment at $65.00 per month, but failed to register either of the properties with the Area Rent Director until August 14th, 1944. He continued to collect the rentals until March 1st, 1945, upon which date the Area Rent Director entered a retroactive refund order reducing the rental on each apartment from $65.00 to $55.00 per month, and directing him to make refund of the excess rents, amounting to $10.00 per month on each of said apartments, to the respective tenants thereof, within thirty days from the date of the order.

The retroactive order was based upon the fact that the defendant had failed to register his apartments within thirty days as required by Rent Regulation for Housing, Sec. 4(e) (9 F.R. 50382), reading as follows:

"Sec. 4. Maximum rents. Maximum rents * * * shall be:

* * * * . * *

"(e) First rent after effective date. For (1) newly constructed housing accommodations without priority rating first rented on or after the effective date of regulation, or (2) housing accommodations changed on or after such effective date so as to result in an increase or decrease of the number of dwelling units in such housing accommodations, or (3) housing accommodations not rented at any time during the two months ending on the maximum rent date nor between that date and the effective date, the first rent for such accommodations after the change or the effective date, as the case may be, but in no event more than the maximum rent provided for such accommodations by any order of the Administrator issued prior to September 22, 1942. Within 30 days after so renting the landlord shall register the accommodations as provided in section 7. The Administrator may order a decrease in the maximum rent as provided in section 5(c).

"If the landlord fails to file a proper registration statement within the time specified (except where a registration statement was filed prior to October 1, 1943), the rent received for any rental period commencing on or after the date of the first renting or October 1, 1943, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order under section 5(c) (1). Such amount shall be refunded to the tenant within 30 days after the date of issuance of the order. If the Administrator finds that the landlord was not at fault in failing to file a proper registration statement within the time specified, the order under section 5(c) (1) may relieve the landlord of the duty to refund. * * *."

Upon receipt of a copy of the order, the landlord forthwith reduced the rents on the apartments to $55.00 per month, but failed to make refund of the excess rents.

On December 29th, 1945, the Administrator brought suit in this court to recover the excess rent, namely, $10.00 per

month from June 1st, 1944, to March 1st, 1945, on the lower south apartment, and $10.00 per month from July 1st, 1944, to March 1st, 1945, on the lower north apartment, a total of $170.00. Treble damages were prayed for in the original complaint, but in his motion for summary judgment the Administrator makes claim for single damages only, waiving any further claim.

The motion presents two questions, one involving an attack by the defendant·on the retroactive order, and the other a question of limitation.

■ The challenge to the retroactive order is based upon the contention that it was arbitrary and unwarranted insofar as it makes the reduction of rent retroactive, in that the landlord was not at fault in failing to file his registration statements within the thirty-day period allowed by the regulation; and in this connection the defendant relies upon Peters v. Porter, Price Administrator, Em.App. 1946, 157 F.2d 186, wherein the Emergency Court of Appeals held a similar order to be arbitrary, insofar as it made the reduction of maximum rent retroactive, on the ground that the landlord was not at fault in failing to file his registration statement on time. That holding, however, was by the Emergency Court of Appeals, which Court has jurisdiction to entertain such an attack. We have no such jurisdiction. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

The defendant's contention with respect to limitation, which contention he has urged most vigorously, is that under Section 205 (e) of the Emergency Price Control Act of 1942, as amended (from which section we have quoted at length), no recovery can be had for any excess rent collected prior to one year before the filing of the complaint herein, that is, one year prior to December 29th, 1945. The Administrator, on the other hand, insists that he is entitled to recovery for all of the excess.

■ We agree with the Administrator in his contention. The Act provides that the suit may be brought "within one year from the date of the occurrence of the violation." In the instant case the violation occurred when the landlord failed, within thirty days after the issuance of the retroactive rent order, to make refund to his tenants. The defendant contends that there were a number of violations of the order, that the failure to refund each installment of retroactive rent amounted to a separate violation, and that the statute began to run as to each of said installments one year after the collection thereof; and he cites Thompson v. Taylor, D.C., S.D.Florida, 62 F.Supp. 930, and Bowles v. Babcock, D.C., D.Md., 65 F.Supp. 380, to sustain his position. The cases cited are in point, and in effect so hold, but we cannot agree with their holdings.

■ There was but one "violation." The date of its occurrence in the instant suit was April 1st, 1945, thirty-one days after the issuance of the retroactive order. The defendant had until that date to comply with the order, and he cannot be said to have been in violation of the order until that time. No cause of action arose until that date, and it is fundamental that limitation does not begin to run until a cause of action accrues. See 37 C.J., Limitation, Page 807, § 152, which is as follows: "The statute of limitations begins to run from the time when a complete cause of action accrues * * *, that is, when a suit may be maintained, and, according to the general rule which is applicable to any and all kinds of actions in a court, not until that time."

Webster defines "violation" as "transgression; non-observance; as the violation of law, covenants, promises, etc." Webster's New International Dictionary, 2nd Ed. Until the order was made, there was nothing to violate, nothing to transgress, and under the regulation the defendant had thirty days within which to observe the same, and he could not be said to be in a state of non-observance until the expiration of that period. Failure of the defendant to refund the excess rent at the expiration of the thirty-day period created an "overcharge" and it was then that the right to sue therefor arose.

We have found no published case holding with us on the question of limitation, but counsel has furnished us with a copy of an unpublished memorandum opinion of

32

Judge Nevin of the U. S. District Court for the Southern District of Ohio, Western Division, in Porter, Administrator, v. Butts & Shipley, D.C., 1946, 68 F.Supp. 516, which is to the same effect.

The plaintiff's motion for summary judgment is granted, and judgment will be entered for the plaintiff for single damages in the sum of $170.00.