**PORTER, Adm'r, OPA, v. GUNTER.**

**No. 1619.**

District Court, S. D. Florida,
Miami Division.

Dec. 31, 1946.

Warren B. Miller and Paul G. Hyman, Rent Section, Enforcement Div., OPA, both of Miami, Fla., for plaintiff.

Fogle & Kirtley, of Miami Fla., for defendant.

DE VANE, District Judge.

Carl O. Gunter, the defendant in this case, is the owner of certain housing accommodations in the Miami Defense Rental Area. Some time after rent regulation became effective in this area defendant rented, for the sum of $50.00 per month, said housing accommodations. Defendant finds himself in trouble by reason of his failure to file a registration statement with the Office of Price Administration within thirty (30) days from the date of the first rental of this property as required by Section 4(e) and 7 of the rental regulation.

On August 3, 1944 defendant rented these premises to Mrs. Moses Cook, who remained his tenant until April 3, 1945, and paid defendant the sum of $50.00 per month for the use and occupancy of said premises. On May 7, 1945 the Rent Director of the Miami Defense Rental Area, pursuant to section 5(c) and 4(e) of said rental regulation, issued an Order, effective November 30, 1943 (the date of the first rental) decreasing the maximum rent on said housing accommodations to $30.00 per month.

The Administrator, by this suit, charges that defendant has failed to refund to Mrs. Cook the sum of $180.00 (sic) collected from her in excess of the maximum legal rental prescribed by said Order of the Rent

Director and that Mrs. Cook has failed to sue him for it and plaintiff, therefore, demands to recover treble damages ($540.00) and costs of this suit.

The suit was instituted June 5, 1946. The only defense made to the cause of action, by defendant, is the plea of the Statute of Limitations. The question presented is when the Statute of Limitations began to run against suits arising by virtue of the Order of the Rent Director, dated May 7, 1945.

The contention of plaintiff is that the Statute did not begin to run until the lapse of thirty (30) days beyond the effective date of the Order reducing the rent for the premises in question. Defendant's contention is that the Statute began to run from the date the Order was issued and this action is, therefore, barred by reason of the fact that suit was instituted more than one year subsequent thereto.

Counsel for the parties and the Court are unable to find any decision of any Federal Appellate Court on this question. The only decision apparently having any bearing on the question is that of District Judge Nevin, of the Southern District of Ohio, Western Division, in Porter, Administrator v. Butts et al., D.C., 68 F.Supp. 516. In this case Judge Nevin holds that a suit instituted more than one year, but less than thirteen months, after the issuance of an Order reducing rent was not barred by the Statute of Limitations. The question was presented on a Motion to Dismiss on the ground that the complaint showed, on its face, that it was barred by the Statute. The parties here concede that the rent regulation, effective in the Miami Defense Rental Area, are not the same as those in effect in Ohio, but counsel for plaintiff contends that, notwithstanding this fact, the question presented in this case is the same as that presented in Porter, Administrator v. Butts et al., supra.

The Court is unable to determine from the Opinion of Judge Nevin whether this contention of plaintiff is correct. If the question presented is the same, then this Court will not follow Judge Nevin. If the question is not the same, then what this Court says here is in no sense in conflict with Judge Nevin's Opinion.

Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 925(e), vests exclusively in the Court the power to determine how much, if any, in excess of the overcharge, as determined by the Administrator, shall be paid by a landlord for a violation of a regulation, order or price schedule prescribing maximum prices. The Court can find nowhere in the Act where this authority is also vested in the Administrator. The Section also provides that suit for recovery for the overcharge and such additional amount as might be determined by the Court shall be instituted "Within one year from the date of the occurrence of the violation."

■ The Administrator contends that he has the power to modify and extend this provision of the law by giving the landlord one month, or such other time as he may determine, by regulation or order, to make a refund without penalty and to hold the Statute of Limitations in abeyance until the expiration of such additional time. Specifically the contention of the Administrator is that there is no "violation" until the landlord fails or refuses to comply with his Order to refund without penalty and upon failure or refusal of the landlord to so refund, he contends the violation is wilfull and under the Statute the Court must assess treble damages. To so construe the Statute would not only strip the Court of the power vested in it to determine the amount of a landlord's liability to a tenant, by reason of a violation of a regulation, order or price schedule, but what the Court considers of more consequence is that it would give the Administrator the power to take from the tenant the cause of action he has against the landlord for such amount, in excess of the illegal charge, as he is entitled to recover under the Statute.

■ It is the violation of some rent regulation or order of the Administrator by a landlord that vests in the Administrator authority to make a retroactive rent order and upon the entry of such order any right of action the tenant may have against the landlord immediately accrues. The Administrator is not vested with authority, by the Act, to deprive the tenant of such right of action, once it has been determined by the

Administrator that the landlord has violated the law.

The Court holds that under the plain language of the Statute an action to recover overcharges made by a landlord must be brought within one year from the date of the Order of the Rent Director determining the lawful rent for the housing accommodations involved.

A judgment will be entered in accordance with this Memorandum Opinion.

On or about December 7, 1944 defendants petitioned the Office of Price Administration to establish Seasonal rental for the Winter as well as the Summer months and on January 2, 1945 the Area Rent Director for the Miami Rental Area gave defendants notice of his intention to establish Seasonal rentals in accordance with the following schedule: