**FLEMING, Administrator, Office of Temporary Controls, v. SCHLEICHER.**

**Civil Action No. 3274.**

District Court, D. Maryland.

June 4, 1947.

Thomas E. Barrett, Jr., Area Rent Atty., of Baltimore, Md., for plaintiff.

---

H. Beale Rollins, of Baltimore Md., for defendant.

CHESNUT, District Judge.

The defendant in this case, Ida L. Schleicher, owned a limited interest in the residence property 1138 Longwood Street, Baltimore, Maryland. For some time prior to June 23, 1944, she rented the second floor rooms to two separate tenants for an aggregate rental of $16.50 or more per week. She duly registered these rentals with the local Office of Price Administration. After the original tenants had vacated the premises the landlord expended about $500 for additional furniture and then rented the whole of the second floor to one tenant at $16.50 per week. Before doing so or about the time of doing so, she telephoned to the local O.P.A. Office to inquire whether any further registration was necessary and was advised that no new registration was required. From June 23, 1944 to May 31, 1946, the new tenant paid the rental of $16.50 per week. Some time prior to May 31, 1946, when the new tenant was in the property, the landlord requested the tenant to vacate because her son was about to return from military service and would require the accommodations. The tenant who had never theretofore expressed dissatisfaction with the accommodations or the rental therefor, visited the local O.P.A. Office in order to ascertain whether he was obliged to vacate the accommodations. As a result of his conference with the local office of the O.P.A., investigation was made by it with the result that on June 3, 1946, an order was made by the local Area Rent Director decreasing the maximum rent for said accommodation to $12.00 per week effective June 23, 1944, and directing the defendant to refund to the tenant within thirty days after the date of said order all rents paid by the said tenant to said defendant on and after the date of said order in excess of $12.00 per week. The defendant did not comply with this retrospective refund order within thirty days, and within one year, to wit, November 14, 1946, the Administrator brought this suit praying first, an order for injunction against the defendant and secondly, a suit for treble damages for the alleged overcharges of rent, that is for the failure to refund to the tenant the amount of the overcharges, to wit, $454.50, multiplied three times, or $1363.50.

The defendant's answer sets up (1) the defense that recovery, if any, is limited to the excess rental charges between November 14, 1945, (one year prior to the institution of the suit) and May 31, 1946, under the provisions of section 205(e) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 925(e), and (2) that the defendant was not guilty of a wilful violation or failure to take practical precautions against the occurence of the violation within the purview of section 205(e) of the Emergency Price Control Act as amended.

The case has been heard and considered on evidence and oral and written arguments of counsel. The interest of the defendant in the premises involved ceased before the filing of the suit, and the Administrator no longer presses the prayer for an injunction. He does, however, demand treble damages.

■ I am satisfied as a result of the hearing that the failure of the defendant to make the refund as ordered by the O.P.A. should not be considered wilful; and I see no proper basis for the recovery of more than single damages of $454.50

■ The difficult point in the case as a matter of law arises on the defendant's defense of limitations, that is, the contention that recovery for overcharges must be limited to those paid and collected within one year prior to the institution of the suit. The Administrator takes the position that there is no such applicable limitation. His view is that the "violation" by the defendant consisted in the failure to make refund in accordance with the retrospective order of the Area Rent Director, which he says, was authorized by the Regulations because the the defendant failed to properly re-register the rented accommodations when a change was made from the nature of the occupancy by two tenants to that of one tenant. Other applicable Regulations are referred to which it is contended required a new registration when this change in tenancy was made. The Regulations referred to relate to a change from the rental of rooms or a rooming house as such, and that of an apartment in a dwelling house. Counsel for the defendant does not seriously dispute the applicability of the Regulations with re-

spect to this requirement of a new registration; but does contend with much plausibility that at the very most the failure to re-register was at least a mere technical oversight especially when the defendant had been informed by telephone inquiry that no additional registration was necessary by reason of the change. The case is seemingly a very hard one for the defendant in view of the facts, but it is clear enough as a matter of law that the only relief to the defendant in this respect under the Act would be to apply to the Emergency Court of Appeals even though that is said to be impracticable if not impossible for the defendant. I must, therefore, deal with the validity and scope of the order for refund. These refund orders are expressly authorized by the Regulations, the validity of which seems also to be committed exclusively to the Emergency Court of Appeals.

It therefore results that the only question presented in this case for decision is whether the year clause for the institution of the suit for a violation is applicable to the refund order and a limitation on the amount of overcharges that can be recovered. The position taken by the Administrator is that the limitation of one year for bringing the suit requires only that the suit must be brought within one year from thirty days after the date of the order for refund, and as the suit was brought in this case within that period the overcharges that can be recovered are for the whole period covered by the order for refund, that is from June 23, 1944 to May 31, 1946, despite the fact that the suit was not instituted until November 14, 1946, and if the year clause were applicable to the amount of overcharges they would have to be limited for recovery to the period from November 14, 1945 to May 31, 1946, or $126.00 in the aggregate.

This precise controversy has been the subject of adjudication in numerous recently decided judicial decisions and I have given a good deal of thought to it. As an original proposition it was, I think, at least very debatable and uncertain. It has, however, been so generally held in numerous recent decisions that the one year clause is not a limitation on the amount of overcharges required to be paid under the refund order, that I feel obliged to follow the general line of decisions upon the subject. As the case has been so fully discussed heretofore it seems unnecessary and undesirable to review the statutes, regulations and decisions in detail. Among the more recent cases which have adopted and applied the Administrator's contention are Porter v. Butts, D.C. Ohio, 68 F.Supp. 516; Haber v. Garthly, D.C., 67 F.Supp. 774; Porter, Administrator, v. Sandberg, D.C. Ark., 69 F.Supp. 29, opinion by Judge Lemley; Parham v. Clark, D.C. Mich., 68 F. Supp. 17. Cf. Bowles v. Babcock, D.C. Md., 65 F.Supp. 380, Judge Coleman; Porter v. Stone, D.C. N.D. Ohio, 72 F.Supp. 306.

I conclude, therefore, that judgment should be entered for the plaintiff against the defendant in the amount of $454.50.