LOUISE GRECO et al., Plaintiffs, *v.* FILOMENA ESPOSITO et al., Defendants.

Supreme Court, Special Term, Kings County, November 20, 1948.

*Michael L. Basile* for plaintiffs.

*Frank Cucurullo* for defendants.

FROESSEL, J. Plaintiffs challenge the legal sufficiency of the defense of the one-year Statute of Limitations [Emergency Price Control Act of 1942, as amd., § 205, subd. (e)] asserted in the amended answer served by the defendants in this action to recover from a landlord certain overcharges paid by the plaintiffs from September, 1944, until August, 1947.

Inasmuch as the order of the New York Area Rent Director reducing the rent as of November 1, 1943, was issued on August 13, 1947, and this action was commenced by the service of process upon the defendants on the 27th and 28th days of January, 1948 — less than a year since the issuance of the foregoing order — the Statute of Limitations pleaded in the amended answer does not bar the bringing of the suit. It is now well established that a suit for the recovery of an overcharge accrues on the date of the issuance of the retroactive rent order, and that such suit must be brought within one year thereof (*Porter* v. *Gunter,* 69 F. Supp. 919; *Woods* v. *Stone,* 333 U. S. 472). As

was stated in the *Woods* case (*supra*, p. 477): " The duty to refund was created and measured by the refund order and was not breached until that order was disobeyed. It would be unusual, to say the least, if a statutory scheme' were to be construed to include a period during which an action could not be commenced as a part of the time within which it would become barred. *United States* v. *Wurts*, 303 U. S. 414. We think no such result was expressed or intended. It was from the violation which occurred when the order was not obeyed within the required time that the statute of limitations commenced to run [citations.] "

Accordingly, the motion is granted. Submit order.