**PORTER, Price Administrator, v. RUSHING.**

Civil Action No. 324.

District Court, W. D. Arkansas,

El Dorado Division.

April 30, 1946.

T. H. Humphreys, Jr., of Little Rock, Ark., for plaintiff.

Defendant pro se.

JOHN E. MILLER, District Judge.

Complaint was filed December 17, 1945, by the predecessor in office of the present plaintiff in which he alleged that during the period from July 27, 1944, to July 27, 1945, the defendant rented a housing accommodation located in the rear of 405 West 5th Street, El Dorado, Arkansas, to Beatrice White for a rental of $9 per month, which was $1 per month in excess of the maximum rental, and thereby overcharged the tenant the sum of $12 during the period of one year; also that during August and September, 1945, the defendant rented the same property to Fannie Livingston for $9 per month, and thereby overcharged the tenant during the two months a total of $2. Judgment was asked for $50 for the alleged overcharge of $12, and also $50 for the alleged overcharge of $2.

Union County, Arkansas, where the property is located, was designated a defense rental area on August 20, 1942, and maximum rentals were established effective June 1, 1943.

The plaintiff also alleged "that unless and until enjoined from doing so, the defendant will continue to violate the Rent Regulations for Housing, thereby greatly jeopardizing and doing irreparable damage to the stabilization program of the United States Government."

Summons was served on defendant on January 3, 1946, and answer was filed, pro se, on February 27, 1946.

On April 2, 1946, upon the call of the calendar for pre-trial conferences and the setting of the cases for trial during the regular term that convened April 15, 1946, the court, sua sponte, dismissed the complaint. At the time the court stated orally the reasons for the dismissal, but the order of dismissal does not contain a statement of such reasons. On April 24, 1946, the attorneys for plaintiff appeared and requested the court to incorporate in the order of dismissal the reasons therefor. At that time the court was busy in the trial of cases and suggested that plaintiff file his motion to set aside the order of dismissal, which motion was filed and overruled on April 27, 1946, and this memorandum is being filed in an effort to advise all interested parties of the reasons that impelled the court to dismiss the complaint.

This court is not unmindful of the responsibility resting upon it in the fight of

the United States Government against inflation. The trial courts have been reminded in no uncertain terms of their duty in such cases by Mr. Justice Douglas in Hecht Co. v. Bowles, 321 U.S. 321, at page 331, 64 S.Ct. 587, at page 592, 88 L.Ed. 754, and by Circuit Judge Johnson in Bowles, Adm'r v. Goebel, 8 Cir., 151 F.2d 671, at page 674.

The trial court must not only meet and discharge the responsibility so forcefully enunciated by the distinguished jurists above mentioned, but must be alert at all times to prevent the over-zealous agent or representative of the government from using the temporary authority lodged in him as an instrument of oppression of the weak. No greater responsibility rests upon a trial court than that which requires it to see that the weak are not persecuted and that the strong are held answerable to the law. The public will not long respect the federal judiciary if the process of the courts is permitted to be used to entrench a governmental agency under the guise of being a great patriotic organization whose discretion and judgment cannot be reviewed by duly established courts.

It has been said by those who should know that the District Enforcement Attorney of the Office of Price Administration is advised by his superior in Washington that he is expected to file a given number of cases during a certain month, and of course that number of cases is filed, with the thought in mind of producing volume rather than salutary effects. Such a policy is largely responsible for the ineffectiveness of price control, and if the desirable objectives of the plan are to be preserved, it will have to be done by the exercise on the part of the courts of a sound legal discretion. The trial courts cannot question the validity of a duly promulgated price schedule or regulation, but that does not mean that a court must sit complacently and see uncontrolled bureaucracy destroy price control, and by its very action foster black markets. Such a case as the one before the court can serve no useful purpose. The validity of price control is not questioned, and if this case is permitted to proceed, the only effect will be to further undermine the confidence of the people in the integrity and justness of the Office of Price Administration.

The defendant is a negro woman who earns her living by working as a house maid and cook, when physically able to work. The plaintiff in his zeal to prevent this negro cook from doing irreparable damage to the stabilization program is asking judgment for the alleged overcharges that accrued more than one year prior to the filing of the complaint. If the alleged overcharges barred under Section 925(e), Title 50 U.S.C.A.Appendix, are eliminated, the total alleged overcharges are reduced to $7 and $2 for the months of August and September, 1945.

The hard-pressed and overworked trial courts are entitled to the cooperation of the Administrator of the Office of Price Administration. The fight against inflation cannot be won by uncontrolled expenditure of public money in investigating and prosecuting cases like the one before the court. Someone, sometime and at some place in the fight must exercise some discretion based on ordinary common sense if the fight is to be won.

The maxim De minimis non curat lex (the law cares not for small things), and fair and honest administration of the law, require that the complaint be dismissed.