CREEDON, Housing Expediter, v. STONE.
No. 10419.

Circuit Court of Appeals, Sixth Circuit.
July 28, 1947.
Writ of Certiorari Granted Dec. 8, 1947.
See 68 S.Ct. 218.

Irving M. Gruber, of Washington, D. C., (William E. Remy, David London, Samuel Mermin, and Albert J. Rosenthal, all of Washington, D. C., and Francis B. Douglass, of Cleveland, Ohio, on the brief), for appellant.

Etheleen M. Stevens, of Detroit, Mich. (Etheleen M. Stevens, of Detroit, Mich., on the brief), for appellee.

Before HICKS, ALLEN, and MILLER, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal by the Administrator of the Office of Temporary Controls from a decision of the District Court in an action to recover treble damages claimed to arise by reason of overcharges for rent made in violation of a regulation of the Administrator. The court rendered judgment in the amount of $90, one-third of the claimed overcharge, and refused damages by way of penalty.

The facts are not in controversy. On July 28, 1944, the appellee entered into an agreement with one C. F. Locke whereby Locke was made "an agent" for the appellee "to procure living accommodations in Toledo, Ohio." Locke succeeded in securing accommodations, and as a result, appellee moved from Mooresville, Indiana to Toledo, and Locke took over possession and occupancy of appellee's home at Mooresville. The first occupancy of the Mooresville house was on August 1, 1944, and a rent of $75 per month was charged through April, 1945.

The appellee inquired of the O.P.A. Regional Office in Toledo prior to the transaction described above as to whether it was permissible to trade houses, and was informed that no regulation existed covering trades. Claiming to believe that he and Locke had effected a trade, although Locke did not own the Toledo property, appellee did not register the Mooresville property with the O.P.A. January 16, 1945, appellee wrote the O.P.A. about the arrangement and enclosed a copy of the contract. The only response that appellee received was a booklet explaining the rent regulations.

An investigation was later conducted by the O.P.A. Area Rent Office, and on June 11, 1945, the Area Rent Director wrote the appellee, directing him to register the Mooresville property, which order was complied with. A hearing with reference to these matters was later held, as a result of which the Area Rent Director issued an order dated June 28, 1945, reducing the rent from $75 to $45 per month, effective from the date of the first rental, or from the beginning of the first rental period. This order decreasing the maximum rent also required the landlord, in accordance with § 4(e) of the Rent Regulation for Housing, to refund to the tenant within thirty days after date of the order any rent received on or after the effective date of the order in excess of the maximum rent. No refund was made, and this action was instituted on February 1, 1946, asking judgment for $810 and costs, the aggregate amount of the monthly overcharges being $270.

The appellee urged below that the transaction was a trade, but this contention was correctly rejected by the court. The District Court found, however, that the arrangement was not a wilful violation of the regulations, and that the appellee did not fail to take practicable precautions under the statutes and the regulations, and accordingly refused damages over and above the overcharge. It further held that § 205 (e) of the Emergency Price Control Act as amended, 50 U.S.C.Appendix, § 925(e), 50 U.S.C.A.Appendix, § 925(e), printed in the margin,[1] required the court to award damages only for overcharges occurring within one year prior to the filing of the

---

[1] Section 205(e)

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may, within one year from the date of the occurrence of the violation, except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney's fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may determine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this sec-

action, which in this case would be for the months of February, March and April, 1945.

The record clearly sustains the District Court's finding that appellee's violation was not wilful nor the result of failure to take practicable precautions to prevent its occurrence.

Section 205(e) provides that judgment shall be "not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine," and also provides that when the violation was neither wilful nor the result of failure to take practicable precautions, the amount of the judgment shall be "the amount of the overcharge or overcharges or $25, whichever is greater."

If the trial court had not made the finding with reference to lack of wilful violation and non-failure to take practicable precautions, within its discretion it could have entered judgment for the amount of the overcharge instead of for the treble amount and under this record it would not have abused its discretion. The finding was made, however, and as made required the District Court under § 205(e) to give judgment only in the face amount of the overcharge. The finding is clearly supported by the efforts of the appellee to secure information from the O.P.A. office with reference to his real estate transaction. Query, whether the mailing of a booklet of 25 printed pages, without any specific answer or any indication of the particular paragraph deemed to be applicable, is a proper response to a letter addressed to a governmental bureau asking for information. The District Court did not err in concluding that appellee's failure to pick out the precise paragraph applicable to him and to proceed to register the property at that precise time, did not constitute wilfulness or negligence. We find no error in the conclusion of the District Court upon this point.

The principal legal question presented is whether the one-year statute of limitations provided by the Act commences to run from the time of overcharge, as held by the District Court, or from the time of the failure to refund, as contended by the Administrator.

We think the judgment of the District Court is clearly correct. Section 205 (e) is "the sole means whereby individuals may assert their private right to damages and whereby the Administrator on behalf of the United States may seek damages in the nature of penalties." Porter v. Warner Holding Co., 328 U.S. 395, 401, 402, 66 S. Ct. 1086, 1091, 90 L.Ed. 1332.

Read in the ordinary sense, as applied to the payment of rent, § 205(e) plainly provides that each separate overcharge is the violation referred to. Each separate overcharge is certainly a violation of the regulation or order "prescribing a maximum price," and each separate overcharge gives rise to a cause of action for the violation. Gilbert v. Thierry, D.C.Mass., 58 F.Supp. 235, affirmed, Thierry v. Gilbert, 1 Cir., 147 F.2d 603, 604. There is no merit in the contention that the violation upon

---

tion the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word 'overcharge' shall mean the amount by which the consideration exceeds the applicable maximum price. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations. Any action under this subsection by either the buyer or the Administrator, as the case may be, may be brought in any court of competent jurisdiction. A judgment in an action for damages under this subsection shall be a bar to the recovery under this subsection of any damages in any other action against the same seller on account of sales made to the same purchaser prior to the institution of the action in which such judgment was rendered."

which this cause of action is based is the failure or refusal to make the refund. Such a failure or refusal is a violation of § 4(e) of the Rent Regulation for Housing, and if a refund order is issued by the Administrator, it is a violation of the order; but such failure or refusal is not the violation specified in § 205(e), which is the violation of the "maximum price regulation" or order. To causes of action based on these overcharges, since they are violations under § 205(e), the one-year statute of limitations applies.

The action was filed February 1, 1946, and recovery here, under the court's finding as to lack of wilfulness and negligence, was limited to overcharges occurring in the twelve months beginning February 1, 1945. But during this time overcharges were made only in three months, February, March and April, 1945, and the court properly entered judgment for $90, the aggregate amount of the overcharges for those three months. Since the overcharge for each month constituted a separate and distinct violation (Thierry v. Gilbert, supra), the Administrator was not authorized to cumulate the separate overcharges of the months preceding February 1, 1945, together with the succeeding months, into a total of $270, and recover for that amount.

The judgment of the District Court is affirmed.