## WOODS v. SEVERSON.

Civ. No. 336.

United States District Court,
D. Nebraska, Grand Island Division.

Dec. 10, 1948.

William S. Kaplan, David M. Scheffer and Patrick J. O'Connor, all of Chicago, Ill., and Ralph W. Adams, of Omaha, Neb., for plaintiff.

Charles B. Paine and Bayard Paine, Jr. (of Paine & Paine), both of Grand Island, Neb., for defendant.

DELEHANT, District Judge.

Submission has been made of a motion by the defendant for the vacation of her default and the judgment or decree entered against her and for leave to answer and defend.

The plaintiff, on April 5, 1948, filed complaint herein alleging that the defendant, as the owner of a certain housing accommodation within the Grand Island, Nebraska, defense rental area (see controlled Housing Rent Regulation, 12 F.R. 4321), had violated the Housing and Rent Act of 1947, Title 50 U.S.C.A.Appendix, § 1881 et seq., and, theretofore, had also violated the Emergency Price Control Act of 1942, as amended, Title 50 U.S.C.A.Appendix, § 901 et seq., by the collection and receipt of rentals for such accommodation in excess of the allowable maximum rentals therefor, and praying for injunctive relief against further violations and an order for her restitution of the excessive rentals allegedly received by her. Summons was duly issued and, with a copy of the complaint, was served on the defendant on April 12, 1948. She was required by the terms of the process, as well as by Rule 12(a), Federal Rules of Civil Procedure, 28 U.S.C.A., to serve her answer on or before May 3, 1948 (May 2, 1948 having fallen on Sunday). She served no answer, and upon a showing which is procedurally unchallenged, default was entered and a judgment or decree was also entered against her on May 21, 1948, enjoining her violation thereafter of the applicable regulation, directing the refund to a designated tenant of $270.00 as overceiling rentals collected by her and taxing the costs of the action against her, of which judgment the marshal served a copy on her on June 7, 1948. This motion was served by mail and filed on September 11, 1948.

The motion is tendered within the thought and terms of Rule 60(b), Federal Rules of Civil Procedure, whose directly pertinent language is:

"On motion and upon such terms as are just, the court may relieve a party * * * from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."

The court is aware of the broad language of subsection (6) of section 60(b), "[for] any other reason justifying relief from the operation of the judgment". But it may be disregarded, and so may the factors of "inadvertence" and "surprise" in subsection (1), supra, since the motion is actually bottomed on "mistake" and "excusable neglect", and more largely on the latter of those two grounds.

In Ledwith v. Storkan, D.C.Neb.1942, 2 F.R.D. 539, this court, in a somewhat comparable setting, discussed Rule 60(b) in its then current form, and its origin and instructive application. What was said there need not, and will not, be repeated. Nor has the intervening revision of Rule 60(b) altered its now pertinent significance or its relation to the present issue.

The motion is timely. It was served, evidently after some correspondence between counsel, less than four months after entry of the judgment, therefore, within the maximum allowance of one year, prescribed by the rule. It is true that the one year limitation reflects the extreme period within which the motion might have been made and that it must, in any case,

have been made "within a reasonable time" which may conceivably be less than one year from the judgment's entry. Rule 60(b). But in the light of the showings made, the court considers that the motion was made within a reasonable time. Actually, no controversy upon that point exists between the parties.

While the written arguments of counsel have, not improperly, ventured rather widely into the merits of the primary action, the court appropriately reaches only two immediate and narrow questions; first, does the defendant's motion, with its supporting showing, disclose the existence of a bona fide defense to the plaintiff's claim, either in its entirety or in substantial part; secondly, is there an adequate showing of mistake or excusable neglect. Since, if reopened, the action will remain for determination on its merits under such evidence as may be competently presented upon its trial, the court should not, in this ruling, foreshadow any ruling upon its ultimate issues, which could now be premised only— or at least chiefly—upon ex parte showings and the largely unsupported statements of counsel in their briefs. The court considers that upon the record before it both of the two questions proposed should be answered affirmatively.

The defendant, by way of a supplemental showing, has tendered for filing a proposed answer to the complaint. Of that answer, it need only to be said that, if its denials of the allegations of the complaint be vindicated upon the trial by the failure of the plaintiff's proof in respect of the material denied, the plaintiff's case must fail. The proposed answer admits only the defendant's name, residence, and ownership of the designated real property. All other allegations of the complaint, including the prescription of a maximum rental for the housing accommodation involved and the receipt of rentals in excess of it, or in any amount at all, are denied. Such a pleading, therefore, states a defense to the plaintiff's claim. Whether it has any essential integrity and validity must be determined by the final proof. Then, too, some matters are affirmatively set out in the proposed answer, which, if they are true, ought to receive consideration by the court not by way of a complete defense, but rather in the appraisal of the entire factual setting and the determination of the scope and extent of the court's final order. It is true that these matters are interlarded with others which have been conclusively determined by many reported opinions to be wholly immaterial and ineffective for any purposes in rent and price control cases, and whose pleading at this late date may not easily be defended. But the court may now deal, and does deal, only with those averments of fact which, if true, may reasonably enter into the content of the final judgment appropriate in the circumstances.

What has just been said concerning the proposed answer is predicated entirely upon its substance, and upon that only after a broad and tolerant appraisal of the tendered pleading. It must not be understood as an approval in any sense of the manner in which either the denials or the affirmative assertions of the answer are expressed. The denials fail utterly to conform to the requirements of Rule 7(b), F.R.C.P., and the admonition of Rule 11, F.R.C.P. The affirmatively pleaded portions of the proposed answer, in any reasonable construction, demonstrate that the defendant does not, and can not, make a general denial in good faith of all allegations of the complaint except those already noted as admitted. Her answer should, therefore, specifically admit every fact alleged in the complaint which she recognizes as true and deny only those of said alleged facts which she regards in good faith as false. And, equally to the point, the affirmative averments of the tendered answer should be stripped of their conclusions of law, generalities, and anonymities and made direct, clear and specific before they are incorporated into a final answer in the case. By way of example, so-called "agents" or "representatives" of the plaintiff or the defendant should be identified. So, while the court's order presently entered allows the service and filing of an answer, it does not allow the service or filing of the particular pleading already tendered by the defendant for that purpose.

The defendant's showing of mistake and excusable neglect is also considered to be

adequate. It is sufficiently established that she is a person of slender means; that, desiring to avoid the burden of counsel fees, she went, shortly after the service upon her of process in the case, to the office of the clerk of this court at Grand Island, and discussed her plight with the resident deputy clerk who suggested that she answer the complaint in her own person; and that, at a date thereafter, not exactly shown, but before the entry of default and judgment, she transmitted, or caused to be transmitted by United States mail to the attorney for the plaintiff resident in Omaha, Nebraska, who was designated in the summons and in the complaint as the person upon whom answer should be served, an unsigned, unentitled, and unaddressed writing on the stationery of a grocery store for which she worked, in which ten statements of fact, each designated by a Roman numeral, were made evidently respecting this controversy and case. The writing referred to the defendant in the third person and by her name and did not disclose her as its author.

Whether that writing set out any defense to the complaint need not be, and is not determined at this time. Certainly, it did not comply with the rules of practice in this court touching the preparation, content, signature, and service and filing of answers. But, in view of the defendant's perplexity, her consultation with the Deputy Clerk and the advice she obtained from that source, and her preparation and transmittal to the attorney for the plaintiff formally designated to receive service of pleadings, of the paper, the court is persuaded that she mistakenly supposed that she had made answer to the complaint and that she was not in default. She did neglect properly to make, sign, serve, or file her answer, but her neglect in the court's appraisal, was excusable.

■ Accordingly, the defendant's default and the judgment or decree are vacated and set aside, and the defendant is granted until December 27, 1948 within which to serve and file an answer to the complaint.

It must not be thought that even the slightest impropriety characterized the conduct of counsel for the plaintiff in seeking and obtaining judgment in this action. The attorney so proceeding acted in good faith and made full and frank disclosure to the court of his position in the premises, including his receipt of the anonymous writing regarding the case. Lacking full knowledge of the circumstances underlying the transmittal of that item, neither he nor the court regarded it as anything more than it ostensibly was, a doubtfully coherent, anonymous letter from some one other than the defendant discussing asserted facts in the proceeding. And it may be added quite frankly that counsel was probably prompted to haste in his procedure by the court's own insistence that he clear his docket of pending cases by taking default judgments in cases where defaults had actually been made.

Nor may it be considered that the court recognizes all of the many affirmative statements in the defendant's showing and proposed answer and briefs as fully or adequately setting up defenses in the present instance. Counsel must duly regard the many controlling decisions in which certain of their contentions have been authoritatively rejected. And they should not be misled by discussions in cases which have subsequently been disapproved, distinguished or directly reversed. Suggestively, only, see Porter v. Rushing, 8 Cir., 157 F.2d 263, reversing 65 F.Supp. 759; Creedon v. Babcock, 4 Cir., 163 F.2d 480, reversing Bowles v. Babcock, D.C., 65 F.Supp. 380.

■ Finally, there can be no question of the right or authority of the plaintiff under the statute to seek judgment for injunction and restitution. Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Warner Holding Co. v. Creedon, 8 Cir., 166 F.2d 119; Blood v. Fleming, 10 Cir., 161 F.2d 292; Creedon v. Randolph, 5 Cir., 165 F.2d 918; Creedon v. Babcock, 4 Cir., 163 F.2d 480; Creedon v. Stone, 6 Cir., 163 F.2d 393; Creedon v. Molyneaux, D.C.Md., 74 F.Supp. 632. And there is no merit in the defendant's argument that the complaint fails to state a claim for which relief can be granted. The right of the plaintiff to proceed being clear, his pleading adequately avers delinquency on the defendant's part which, if it actually exists, will warrant the allowance of relief.