**MAGNOTTA et ux. v. LEONARD et ux.**

Civ. No. 4184.

United States District Court
M. D. Pennsylvania.

Feb. 16, 1952.

Frank J. DeSanto, Scranton, Pa., for plaintiffs.

William Zacharellis (of Bialkowski, Bialkowski & Bialkowski), Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is an action brought under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix 1895, to recover amounts paid in excess of the legal maximum rental, with a request for treble damages, attorney fees, and costs.

Defendants have moved to strike off that portion of plaintiffs' claim which is for alleged overcharges made at a time more than twelve months prior to December 6, 1951, the date this action was commenced. Though a motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a count thereof, the technical name given to a motion is, however, of little importance. 1 Baron and Holtzoff Section 366. The Court will therefore treat it as a motion to dismiss a portion of the complaint for failure to state a claim upon which relief can be granted.

In answer to defendants' motion, plaintiffs contend that all overcharges constitute one violation and are collectable if the action is brought within one year after the date of the last overcharge; plaintiffs further point out that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C., the defense of statute of limitations is designated as an affirmative defense, and therefore may be raised only by answer.

 Section 205 of the Housing and Rent Act of 1947, as amended, which makes a person liable for accepting any payment of rent in excess of the legal maximum, provides: "Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of violation * * *." Ordinarily, the statute begins to run from the date of each collection of rental,[1] and consequently only those overpayments which were made in the year immediately preceding the date the suit was brought may be recovered. Berry v. Heller, D.C.E.D.Pa. 1948, 79 F.Supp. 476.

The question of whether or not the defense of statute of limitations may be asserted by a motion to dismiss prior to the filing of an answer will largely depend upon whether or not questions of fact or the applicability of the statute require the deferment of decision on the defense until a later stage of the proceedings. But, where, as here, the statute creating the liability also sets the time within which an action may be brought to enforce it, the bringing of a suit within that time is an indispensable requirement to the maintenance of the action. That is, if the suit is not brought within the time specified, the right of action itself is extinguished in ad-

dition to the remedy being no longer available. Berry v. Heller, supra.

The complaint on its face shows that certain overpayments sought to be recovered were not made within the year immediately preceding December 6, 1951, the date this action was commenced, but rather were made at a time prior thereto, and therefore barring recovery of the same.

It is ordered that defendants' motion to dismiss that portion of plaintiffs' claim for alleged overcharges made at a time more than one year prior to December 6, 1951, be, and it hereby is, granted.

It is further ordered that defendants file an answer to plaintiffs' complaint within 10 days from the date of this order.

[1]. Distinguish cases where suit is brought within one year after issuance of order reducing maximum rent retroactively, and thus permitting recovery of overcharges for rent occurring more than one year prior to the suit. Ramseyer v. Contestabile, D.C.E.D.Pa.1949, 86 F.Supp. 104;

Creedon v. Molyneaux, D.C.Md.1947, 74 F.Supp. 632. Also cases wherein landlord failed to register new facilities. Woods v. Stone, 1948, 333 U.S. 472, 68 S.Ct. 624, 92 L.Ed. 815; Rauer v. Wexler, 3 Cir., 1948, 167 F.2d 817.