## SHIMKUS et ux. v. NICOLAIS et ux.
### No. 4444 Civil Action.

United States District Court
M. D. Pennsylvania.

July 1, 1953.

S. U. Colbassani, Scranton, Pa., for plaintiffs.

Daniel L. Penetar and John A. Morano, Scranton, Pa., for defendants.

WATSON, Chief Judge.

This is an action brought under the Housing and Rent Act of 1947, as amended, 50 U.S.C.A.Appendix, § 1895, to recover amounts paid in excess of the legal maximum rental, with a request for treble damages, attorney fees, and costs.

Defendants have moved to strike off that portion of plaintiffs' claim which is for alleged overcharges made at a time more than twelve months prior to September 16, 1952, the date this action was commenced. Though a motion to strike is not an authorized or proper way to procure the dismissal of a complaint or a count thereof, the technical name given to a motion is, however, of little importance. 1 Barron and Holtzoff, Section 366. Magnotta v. Leonard, D.C.M.D.Pa.1952, 102 F.Supp. 593.

340

The Court will therefore. treat it as a motion to dismiss a portion of the complaint for failure to state a claim upon which relief can be granted.

 In answer to defendants' motion, plaintiffs contend that all overcharges constitute one violation and are collectable if the action is brought within one year after the date of the last overcharge; plaintiffs further point out that under Rule 8(c) of the Federal Rules of Civil Procedure, 28 U.S.C., the defense of statute of limitations is designated as an affirmative defense, and therefore may be raised only by answer.

In Magnotta v. Leonard, supra, this Court rejected similar arguments and the Court finds no opinions to the contrary since the filing of that opinion. The Court, therefore, finds merit in the defendants' motion, and the motion to dismiss will be granted.