## Whitehead v. Grove

*J. Andrew Frantz*, for plaintiff.
*Shirk & Shirk*, contra.

SCHAEFFER, P. J., October 23, 1953.—Plaintiff sued defendant in assumpsit to recover triple damages and

reasonable attorney's fee and costs under the Federal Housing and Rent Act of June 30, 1947, as amended, 61 Stat. at L. 193, 50 U. S. C. §1895. Defendant filed preliminary objections to the complaint. Section 205(a) of this act provides as follows:

"Any person who demands, accepts, receives, or retains any payment of rent in excess of the maximum rent prescribed under the provisions of this Act, or any regulation, order, or requirement thereunder, shall be liable to the person from whom such payment is demanded, accepted, received, or retained (or shall be liable to the United States as hereinafter provided) for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amounts of (1) $50, or (2) not more than three times the amount by which the payment or payments demanded, accepted, received, or retained exceed the maximum rent which could lawfully be demanded, accepted, received, or retained, as the court in its discretion may determine, whichever in either case may be the greater amount: Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither willful nor the result of failure to take practicable precautions against the occurrence of the violation. . . . (c) Suit to recover liquidated damages as provided in this section may be brought in any Federal court of competent jurisdiction regardless of the amount involved, or in any State or Territorial court of competent jurisdiction, within one year after the date of violation. . . . For the purpose of determining the amount of liquidated damages to be awarded to the plaintiff in an action brought under subsection (a) of this section, all violations alleged in an action under said subsection (a) which were committed by the defendant with respect to the plaintiff prior to the bringing of such an action shall be deemed

to constitute one violation and, in such action under subsection (a) of this section, the amount demanded, accepted, received, or retained in connection with such one violation shall be deemed to be the aggregate amount demanded, accepted, received, or retained in connection with all such violations."

Section 213 of the Federal statute states:

"This Act may be cited as the 'Housing and Rent Act of 1947,' " which was later amended to "Housing and Rent Act of 1949."

Defendant has raised the question of the one-year limitation within which to bring suit after the date of violation. In Phillips et ux. v. Fricchione, 72 D. & C. 428 (1950), it was decided that the limitation runs from the date of each violation: Berry v. Heller, 79 F. Supp. 476 (E. D. of Pa.) ; Kane v. Guttmann, 91 N. Y. S. (2d) 184. In Dyno v. Rafferty, 77 D. & C. 47 (1951), it is said:

"It has frequently been held that a landlord is liable to the tenant for overcharges made within one year of the beginning of the suit. All claims for overcharges beyond the one year are barred. . . . Moreover, it has been held that this limitation is not such a statute of limitations as must be pleaded affirmatively."

In Magnotta et ux. v. Leonard et ux., 102 F. Supp. 593 (1952) (E. D. of Pa.), it was decided that where complaint showed on its face that certain overpayments of rent sought to be recovered were made more than one year immediately preceding commencement of action, recovery of such overpayments would be barred by statute creating liability therefor. The portion of the claim for such overcharges was dismissed.

The court concludes that the limitation contained in section 205(c) of the Housing and Rent Act relative to suit by tenant to recover treble damages for rent overcharges made by landlord, limits the right of recovery to overcharges made within one year after

date of violation, and that there can be no recovery for overpayments of rent which were made more than one year prior to the bringing of the suit. Accordingly, in the instant case recovery is limted for alleged overcharges to one year prior to the date of bringing this suit on July 8, 1953.

Relative to the other questions raised by the preliminary objections the court is of the opinion that it has jurisdiction and that a sufficient cause of action is set forth in the complaint. The Federal Housing and Rent Act of 1947, as amended, is properly set forth. Paragraphs 6 and 7 of the complaint set forth facts which show that the occupancy involved a controlled housing accommodation. The complaint refers to an oral lease, but it is not necessary to aver whether the lease was oral or in writing since the action is not based upon the lease, but is one to recover a penalty for violation of the act: Cohen v. Krysicki et ux., 80 D. & C. 162. In Byers v. Olander, 161 Pa. Superior Ct. 165, it was decided that the liability of a landlord for breach of a rent regulation is created by the act and not by any agreement of the parties either express or implied.

In Kiselavach et al. v. Giarratano et ux., 41 Luz. 313 (1950), it was decided that although the Housing and Rent Act of 1947, as amended, limits the amount to be recovered to three times the excess paid in one year, plaintiff's pleading is not affected by the fact that in it he claims more damages than he will ultimately be entitled to recover. A complaint in an action for a rent overcharge is not deficient because it fails to allege by whom the premises in question were registered with the Housing Expediter. The question of good or bad faith of the landlord relates to the amount of damages and it is a factual issue to be determined at the trial whether the landlord's violation as to overcharge was willful or the result of failure to take prac-

ticable precautions against such violations. The allegations in the complaint in that respect are sufficient as a pleading.

And now, October 23, 1953, all of the preliminary objections are dismissed, except paragraph 4 under the heading "Demurrer" relating to the claim for overcharges beyond the one year, which are barred by the act of Congress.